UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Lamar Kip Snell,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No.: 1:07cv898-MHT |
| **City of Slocomb,** | § § | |
| **Defendant.** | § § | |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT

**COME NOW** the parties to this litigation, including plaintiff and defendant, through counsel, and hereby jointly move for court approval of the settlement of this dispute, the terms of which are attached herein as Exhibit A. As grounds therefor, the parties state as follows:

1. This is a private action for unpaid wages under the Fair Labor Standards Act, 29 USC §216 ("FLSA").

2. "In reviewing a settlement of an FLSA private claim, the court must 'scrutinize the settlement for fairness,' and determine that the settlement is a 'fair' and reasonable resolution of a bona fide dispute over FLSA provisions." *Stalnaker vs. Novar Corporation*, 293 F. Supp. 2d 1260 (M.D.AL 2003) quoting *Lynn's Food Stores, Inc. vs. United States*, 679 F. 2d 1350, 1355 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, the district court may approve the settlement in order to promote the policy of encouraging the settlement of litigation." *Lynn's Foods*, 679 F. 2d. at 1354, n1.

3. In the present litigation, the dispute has focused on whether the plaintiff/employee, a police sergeant and K-9 officer who worked for the defendant, was exempt under the Executive or Administrative Exemptions of the FLSA. There was also a dispute as to the number of overtime hours which were actually worked by plaintiff.

4. The case was filed in October 2007 and thereafter the parties, through their counsel conducted full discovery including Interrogatories and Requests for Production of Documents. Depositions were taken of the plaintiff and four representatives of the defendant including the former police chief, two city council members and the city clerk.

5. The evidence tended to show that the plaintiff was hired by the defendant and was promoted to sergeant in 2004 and thereafter was regularly paid by salary until his resignation in July 2007. Because suit was filed in October 2007, the relevant time period of the suit was October 2004 through July 2007. Even though paid salary, the defendant established an hourly rate for the employee and paid him some overtime when money was available through a grant program. Therefore, his hourly rate of pay, although disputed, ranged from $11.38 per hour ($17.07 per hour for overtime) to $12.02 per hour ($18.03 per hour for overtime).

With respect to damages, the plaintiff contended that he worked a great deal of non-exempt work as a patrol officer and K-9 officer and that his work hours were tracked by the dispatch system of the police force. Because of the availability of the dispatch records and time sheets, there was greater certainty in this case concerning the number of overtime hours worked although the overtime hours continued to be disputed. Plaintiff claimed that the record supported lost wages of approximately $52,000 plus a doubling for liquidated damages and also interest and attorneys fees. The defendant, of course, disputes that the

plaintiff is entitled to anything and that even if plaintiff were non-exempt, this damages figure is not correct.

6. Counsel for both parties are experienced attorneys who practice in this area of law. They reviewed the evidence in this case after participating in discovery and worked out this settlement after extensive negotiations. They have recommended this settlement as a reasonable compromise of all the issues and the parties have also indicated their agreement to the terms.

WHEREFORE, the parties pray that this court enter an order finding that this settlement is a fair and reasonable resolution of this dispute and that there is no reason why such settlement cannot be implemented according to its terms.

DATED this the 23rd day of July, 2008.

By: __s/ Elizabeth B. Glasgow_____
Elizabeth B. Glasgow ASB-8348-S58E
Attorney for Plaintiff

OF COUNSEL:
FARMER, PRICE, HORNSBY
 & WEATHERFORD, L.L.P.
Post Office Drawer 2228
Dothan, Alabama 36302
Tel:   (334) 793-2424
Fax:   (334) 792-6624
Email: eglasgow@fphw-law.com

                                      **By: \_\_s/James H. Pike_____**
                                          James H. Pike
                                          Attorney for Defendant

**OF COUNSEL:**
**SHEALY, CRUM & Pike, P.C.**
**P. O. Box 6346**
**Dothan, Alabama 36302**
**Tel:   (334) 677-3000**
**Fax:   (334) 677-0030**
**Email:  jpike@scplaw.us**


## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James H. Pike, Esq.
Steadman S. Shealy, Jr., Esq.
Shealy, Crum & Pike, P.C.
P. O. Box 6346
Dothan, Alabama 36302

H. Samuel Prim, Esq.
Prim, Freeman and Mendheim, L.L.C.
207 West Adams Street
Dothan Alabama 36303

                                          \_\_s/ Elizabeth B. Glasgow_____
                                          Of Counsel

## GENERAL RELEASE

**NOTICE:** This is a very important document and you should thoroughly review and understand the terms and effect of this document before signing it. By signing this General Release you will be releasing the City of Slocomb, Alabama, and related parties from all liability to you. Therefore, you should consult with an attorney before signing this General Release.

In consideration of the total sum of seventy-three thousand and no/100 dollars ($73,000.00) and nothing more, I, Kip Lamar Snell, hereby release and discharge the City of Slocomb, Alabama, and all of its present and former elected officials, appointed officials, employees, and agents (hereinafter collectively referred to as "the Releasees") from any and all claims and causes of action, known or unknown, which I may have or could claim to have against the Releasees up to and including the date of signing this General Release. This General Release includes, but is not limited to, all claims arising from or during my employment or as a result of the termination of my employment.

This General Release encompasses all claims arising under federal, state and local laws governing the payment of employee compensation, including all claims arising under the Fair Labor Standards Act. This General Release encompasses all claims for compensatory damages, punitive damages, liquidated damages, interest, attorneys fees, court costs, and any other form of relief whatsoever.

This General Release further encompasses all claims arising under federal and state laws, including the common law, prohibiting employment discrimination and harassment based upon age, race, sex, religion, disability, national origin and any other protected characteristic, including, but not limited to, any and all claims arising under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, and claims growing out of any legal restrictions, express or implied, on the City's right to control or terminate its employees.

In addition to the foregoing, I agree to dismiss with prejudice my lawsuit against the City of Slocomb, which is pending in the United States District Court for the Middle District of Alabama, Southern Division, as Case Number 1:07-cv-898-MHT.

By signing below, I acknowledge that I have carefully read and fully understand the provisions of this General Release. I further acknowledge that I am signing this General Release knowingly and voluntarily and without duress, coercion or undue influence.

This General Release is not an admission of liability by the City of Slocomb, or any of the other Releasees. To the contrary, the City of Slocomb denies all liability.

This General Release constitutes the total and complete understanding between the Releasees and me relating to the subject matter covered by this General Release, and all other prior or contemporaneous written or oral agreements or representations, if any, relating to the subject matter of this General Release are null and void.



It is also expressly understood and agreed that the terms of this General Release may not be altered except in a writing signed by both the City of Slocomb and me.

INTENDING TO BE LEGALLY BOUND, I hereby set my hand below:


_____          _____
Kip Lamar Snell                                                           Date


**STATE OF ALABAMA**            )
                                )
**COUNTY OF HOUSTON**           )

Before me, the undersigned notary public, personally appeared Kip Lamar Snell, who is known to me.  After being duly sworn, Kip Lamar Snell declared upon oath that he has read the foregoing General Release and understands its nature and contents.  Kip Lamar Snell further declared upon oath that he executed this General Release knowingly and voluntarily, without duress, coercion or undue influence.

This the _____ day of _____, 2008.



                                              _____
                                              Notary Public
                                              My commission expires :_____
[SEAL]